*E-FILED - 12/15/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARBJIT SINGH,<br><br>    Petitioner,<br><br>vs.<br><br>MICHAEL CHERTOFF, et al.,<br><br>    Respondents. | No. C 08-4452 RMW (PR)<br><br>ORDER TO SHOW CAUSE;<br>DENYING LEAVE TO PROCEED<br>IN FORMA PAUPERIS |

Petitioner, who has been ordered removed from this country under its immigration laws, filed this action under 28 U.S.C. § 2241 claiming that his detention pending removal is unlawful. Petitioner's application to proceed in forma pauperis is DENIED. The court orders respondent to show cause why a writ of habeas corpus should not be granted

**BACKGROUND**

Petitioner alleges in his petition that he is being subjected to an improper indefinite detention by the Immigration and Customs Enforcement. He alleges that he is in custody at the Santa Clara County Jail. He allegedly was ordered removed on January 22, 2008, did not appeal the removal order, and is subject to a final order of removal.

**DISCUSSION**

**A.** **Standard of Review**

The court may entertain a petition for a writ of habeas corpus in behalf of a person "in

1  custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §
2  2241(c)(3). It shall "award the writ or issue an order directing the respondent to show cause
3  why the writ should not be granted, unless it appears from the application that the applicant or
4  person detained is not entitled thereto." Id. at § 2243. Summary dismissal is appropriate only
5  where the allegations in the petition are vague or conclusory, palpably incredible, or patently
6  frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (citation
7  omitted).

**B.  Petitioner's Claim**

Petitioner claims in his habeas petition that his indefinite detention exceeds respondent's statutory authority to detain, violates petitioner's due process rights, and amounts to punishment without due process. Liberally construed, petitioner's claims are cognizable. See Zadvydas v. Davis, 533 U.S. 678, 687-88, 699-700 (2001) (finding jurisdiction in the district court to hear a § 2241 habeas petition brought by an alien found removable and who is being detained instead of deported because no country will accept him). Liberally construed, petitioner's allegations are sufficient to require a response. The court orders respondent to show cause why the petition should not be granted.

**CONCLUSION**

1. The clerk shall serve by mail a copy of this order and the petition (docket no. 1) and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within **sixty days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the

court and serving it on respondent within **thirty days** of the date the answer is filed.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **sixty days** of the date this order is filed. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **thirty days** of the date the motion is filed, and respondent **shall** file with the court and serve on petitioner a reply within **fifteen days** of the date any opposition is filed.

4. It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. Petitioner's in forma pauperis application is DENIED because petitioner has ample funds to pay the $5.00 filing fee in this action. Petitioner must pay the $5.00 filing fee no later than **thirty days** from the filing date of this order. **Failure to pay the filing fee by the deadline will result in the dismissal of this action.**

IT IS SO ORDERED.

DATED: __12/12/08____

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order to Show Cause; Denying Leave to Proceed In Forma Pauperis
P:\PRO-SE\SJ.Rmw\HC.08\Singh452osc.wpd         3