*E-FILED - 10/13/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARBJIT SINGH, | No. C 08-4452 RMW (PR) |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT |
| vs. | |
| JANET NAPOLITANO, et al., | |
| Respondents. | |

Petitioner, a removable alien currently detained on behalf of the Department of Homeland Security ("DHS") at Lerdo Pretrial Detention Facility in Bakersfield, California, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has paid the filing fee. For the reasons stated below, the court dismisses the petition as moot..

**BACKGROUND**

Petitioner, an Indian national, arrived in the United States on or around January 11, 1996, and was granted asylum in the United States on June 17, 1996. On March 20, 2002, petitioner was convicted of grand theft, in violation of California Penal Code § 487(a), and sentenced to one year and four months in confinement. On April 15, 2005, an immigration judge held that petitioner was removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony. Petitioner did not appeal this order.

At that time, Immigration and Customs Enforcement ("ICE") began attempting to remove

petitioner by contacting Indian authorities to obtain the necessary travel documents.

Petitioner had been in the continuous custody of ICE since January 23, 2008. Petitioner filed the instant federal petition on September 24, 2008. Petitioner claimed that he should be released from detention. Petitioner argued that his removal was no longer reasonably foreseeable, and thus that his detention was no longer authorized by statute.

Respondents claimed that they should be allowed to continue detaining petitioner. Respondents argued that petitioner's removal was still reasonably foreseeable, and thus that his detention was still authorized by statute.

On October 6, 2009, the court inquired with ICE as to the status of petitioner, and found that ICE released petitioner with conditions in August of 2009.

## DISCUSSION

Article III, § 2, of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). Once a case no longer presents a live Article III case or controversy, it is moot. Abdala v. INS, 488 F.3d 1061, 1063 (9th Cir. 2007).

A habeas petition is moot where the petitioner has been removed or released and there are no "collateral consequences" that would be redressed by granting a habeas petition where the alien is challenging the underlying conviction or removal order. See id. at 1064 (citing examples where removal of alien without addressing the underlying conviction would mean that alien was barred for a number of years from reentering the country).

Here, petitioner has received the relief that he requested of the court: to be released under reasonable conditions of supervision. (Pet. at 4). ICE released the petitioner in August of 2009. The Attorney General has discretion to prescribe reasonable regulations for the supervision of aliens who are released because they were not removed within the removal period. 8 U.S.C. § 1231(a)(3). In addition, there are no "collateral consequences" for petitioner that granting his habeas petition would redress, because petitioner did not challenge his underlying conviction or

1 | removal order.

2 | Thus, petitioner's case is moot and his petition for the writ of habeas corpus is denied.

**CONCLUSION**

Accordingly, the petitioner's case is DENIED as moot.

The clerk shall send by mail a copy of this order upon the respondents and the respondents' attorneys. The clerk shall also send a copy of this order to the petitioner's address of record. Although petitioner did not alert the court to his change of address, ICE informed the court that petitioner's new address is 1735 Berkeley Way, Apartment 3, Berkeley, California 94703. Thus, the clerk shall send another copy of this order to petitioner's new address.

The clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 10/13/09

_Ronald M. Whyte_
RONALD M. WHYTE
United States District Judge

Denial of Petition for Writ of Habeas Corpus
P:\PRO-SE\SJ.Rmw\HC.08\Singh452denmoot.wpd        3